IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARIUS LAMON McLAUGHLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:22-cv-00988 |
| LADARIUS DRAIN, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Darius McLaughlin, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se Complaint for alleged violation of his civil rights (Doc. No. 1) and an application for leave to proceed as a pauper (Doc. No. 2) on July 15, 2021, in the Western District of Tennessee. The Western District granted pauper status and assessed the filing fee. (Doc. No. 4.) On December 2, 2022, the Western District found that the case was improperly venued there and transferred the case to this District under 28 U.S.C. § 1406(a). (Doc. No. 10.)

The case is before this Court for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, and for ruling on a pending Motion to Compel Discovery (Doc. No. 6) that was filed by Plaintiff in March 2022 and referred by the Western District to this Court. (Doc. No. 10 at 3.)

**I. INITIAL REVIEW**

**A. Legal Standard**

The Court is required to screen the Complaint in order to determine whether its claims are cognizable, or whether it (or any portion of it) must be dismissed because it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see id.* § 1915(e)(2)(B), 42 U.S.C. § 1997e(c).

The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This review only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against

any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## B. Allegations and Claims

Plaintiff sues C.E.R.T. Team Officers Ladarius Drain and Joshua Jones, as well as their supervisor, Captain Frederick Estes, based on an incident that occurred at approximately 9:30 a.m. on January 30, 2021, in Plaintiff's cell at the DeBerry Special Needs Facility (DSNF).[1] (Doc. No. 1 at 6.) Drain and Jones entered Plaintiff's cell without placing him in restraints, and without a camera. (*Id.*) Drain locked the cell door and ordered Plaintiff to remove his clothes for a strip search. (*Id.* at 6, 8.) When Plaintiff had taken everything off except one sock, Drain began to punch him in the face and head, and Jones pushed him onto the bed where Drain continued to pummel his head, ribs, and back. (*Id.*) The beating stopped when alarms sounded on Defendants' radios, and they banged on the cell door to get another officer to let them out. (*Id.* at 8.) A few minutes later, Cpl. Wynter came to Plaintiff's cell and asked him what happened to his face, and at approximately 9:45 a.m., officers including Drain, Jones, and Captain Estes came to move Plaintiff to a cell where two nurses evaluated his injuries. (*Id.*) Shortly after this initial evaluation, Plaintiff was taken for another nurses' evaluation in a different cell, and pictures were taken of his head

---

[1] DSNF is "a state prison operated by the Tennessee Department of Correction," *Kimbrough v. Lois DeBerry Special Needs Facility*, No. 3:12-CV-782, 2012 WL 3597208, at *3 (M.D. Tenn. Aug. 17, 2012), and "[t]he named defendants, all of whom are employed at a state-run prison, are presumably state employees." *Nelson v. Lois DeBerry Special Needs Facility*, No. 3:12-0795, 2013 WL 5447496, at *4 (M.D. Tenn. Sept. 30, 2013), *report and recommendation adopted*, 2013 WL 6237867 (M.D. Tenn. Dec. 3, 2013).

injuries. (*Id.*)

Due to Plaintiff's persistent complaints of pain, x-rays were taken on February 4, 2021, revealing fractured ribs. (*Id.* at 6, 9.) The doctor who diagnosed the fractures, Dr. Okuma, gave Plaintiff only ibuprofen for the pain. (*Id.* at 9.)

Plaintiff claims that Drain and Jones' assault on him after ordering him to remove his clothes constituted excessive force and cruel and unusual punishment. (*Id.* at 7.) He claims that Estes failed properly to supervise and train his staff. (*Id.*) Plaintiff sues all Defendants in their individual and official capacities (*id.* at 5) and seeks (1) an award of damages, (2) for Defendants to be punished pursuant to TDOC policy, and (3) "[f]or cameras to be used in all TDOC cell extractions." (*Id.* at 21.)

**C. Analysis**

Plaintiff's claim against Drain and Jones arises under the Eighth Amendment's Cruel and Unusual Punishments Clause, which prohibits the use of excessive force against convicted inmates. The "core judicial inquiry" in considering such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition to this subjective inquiry, there is also an objective component to Eighth Amendment excessive-force claims, which requires the pain inflicted to be sufficiently serious. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). The Court does not apply a "de minimis injury" test to such claims however, as "the judicial inquiry should focus on 'the nature of the force rather than the extent of the injury.'" *Williams*, 631 F.3d at 384 (quoting *Wilkins*, 559 U.S. at 34).

4

Presuming the truth of Plaintiff's allegations, the Court finds that the serious nature of the force, the maliciousness of its unprovoked application, and the seriousness of the resulting injury to Plaintiff's head and ribs are colorably established for purposes of initial review. The excessive-force claims for damages against Drain and Jones in their individual capacity will proceed for further development.

However, the claim against Estes for failure to supervise and train Drain and Jones will be dismissed. "For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)). A supervisor cannot be held personally liable simply because he failed to act, or because he "was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). The only allegation in the Complaint regarding any action taken by Estes is that he, along with Drain, Jones, and "other officers," moved Plaintiff roughly fifteen minutes after the attack "to 132 cell where [he] told nurses . . . about [his] injuries as well as what happened." (Doc. No. 1 at 8.) This allegation does not support a reasonable inference that Estes "implicitly authorized, approved, or knowingly acquiesced in" the earlier actions of Drain and Jones, so as to support his personal liability. *Phillips*, 534 F.3d at 543 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

As to Plaintiff's naming of these Defendants in their official capacity (Doc. No. 1 at 5), "individuals sued in their official capacities stand in the shoes of the entity they represent," *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)),

5

which in this case is the Tennessee Department of Correction and, ultimately, the State of Tennessee. "The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has waived its immunity," *Vick v. Core Civic*, 329 F. Supp. 3d 426, 447 (M.D. Tenn. 2018) (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)), which Tennessee has not. *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Plaintiff's official-capacity claims for damages are therefore barred.

As to Plaintiff's request for relief other than damages, "official-capacity actions for prospective relief are not treated as actions against the State" and are therefore not barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citations omitted). But, in seeking to have Defendants disciplined for their alleged misconduct, Plaintiff has sought relief that is neither prospective nor within the Court's power to grant. *See Andrews v. Jordan*, No. 3:18-CV-P606-DJH, 2019 WL 1558696, at *2 (W.D. Ky. Apr. 10, 2019) (citing cases holding that federal courts lack authority under § 1983 to order disciplinary action against state actors). In seeking an order that "cameras . . . be used in all TDOC cell extractions" (Doc. No. 1 at 21), Plaintiff is pursuing prospective, injunctive relief and has named a Defendant (Captain Estes) who is at least arguably an appropriate official to carry out any order granting such relief *at DSNF*.[2] However, in light of Plaintiff's transfer to NECX, his claim to injunctive relief against officials at DSNF is moot. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Plaintiff thus cannot proceed with his official-capacity claims as pled. If Plaintiff wishes, based on his encounter on January 30, 2021,

---

[2] (*See* Doc. No. 1 at 14, TDOC form "Response of Supervisor of Grieved Employee or Department," in which Estes asserts that he "will continue to make sure cert team are being professional [and] also make sure they continue to video every time they go in and out of offenders['] cells").)

to continue his pursuit of a TDOC-wide injunctive order to record all such encounters, he will have to amend his Complaint to assert such a claim against an appropriate defendant.

## II. FURTHER ACTION

As explained above, the Court finds that the Complaint states a colorable excessive-force claim against Defendants Drain and Jones. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff service packets (blank summonses and USM 285 forms) for both of these Defendants.

Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE.**

Defendant Estes is **DISMISSED** from this action.

Plaintiff's Motion to Compel Discovery (Doc. No. 6) is **DENIED** as premature, without prejudice to renewal, if necessary, after process is served and Plaintiff has the chance to request the items in uncompelled discovery.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE