IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DARIUS LAMON McLAUGHLIN )
)
v. ) NO. 3:22-cv-00988
)
LADARIUS DRAIN *et al.* )

**TO:** Honorable William L. Campbell, Jr., United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered December 21, 2022 (Docket Entry No. 13), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

Darius Lamon McLaughlin (Plaintiff) is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Northwest Correctional Complex in Tiptonville, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on July 15, 2021, seeking relief under 42 U.S.C. §1983 based on allegations that his constitutional rights were violated at the DeBerry Special Needs Facility ("DSNF"), a TDOC facility where was previously confined incarcerated. *See* Complaint (Docket Entry No. 1). The lawsuit was originally filed in the Western District of Tennessee but was later transferred to this Court. *See* Order entered December 2, 2022 (Docket Entry No. 10).

Upon initial review of the complaint, the Court found that Plaintiff stated arguable Eighth Amendment claims against two defendants. As directed by the Court, Plaintiff returned

completed service packets for the defendants and process was issued. According to the case docket, process was accepted at the DSNF by someone other than the individual defendants. *See* Docket Entry Nos. 15 and 16. No appearance or response has been filed on behalf of the defendants. The docket also reflects that Plaintiff has not contacted the Court or taken any steps to litigate his claims since returning the service packets in January 2023.

It is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). Further, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, *see Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01(a) of the Local Rules of Court states that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed."

Given that (1) Plaintiff has taken no steps to pursue his claims or prosecute his case in approximately eight months and (2) there has not been any activity in the case in the last six months, the Court finds that there is a clear record of a failure to prosecute the case and that it has been dormant for an unreasonable amount of time. Dismissal of the action is warranted based on the Court's inherent authority to oversee its pending cases, and under Rule 41(b) and Local Rule 41.01(a).

# RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.